AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

### for the

### District of Kansas



FILED
U.S. District Court
District of Kansas

JUN 08 2018

Clerk, U.S. District Court
By _____ Deputy Clerk

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

INFORMATION ASSOCIATED WITH
GIRLWANTEDLOVER@YAHOO.COM
AS FURTHER DESCRIBED IN ATTACHMENT A

)
)
)
)
)
)

Case No. 18- M - 6093 - 01 - KGG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

### SEE ATTACHMENT A

located in the _____ Northern _____ District of _____ California _____, there is now concealed *(identify the person or describe the property to be seized):*

### SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252 & 2252A | Child Pornography Possession/Receipt/Distribution |

The application is based on these facts:

- ☒ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Derek G. Velazco, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 8, 2018

_____
*Judge's signature*

City and state:  Wichita, KS

Kenneth G. Gale, United States Magistrate Judge
*Printed name and title*



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
GIRLWANTEDLOVER@YAHOO.COM
THAT IS STORED AT PREMISES
CONTROLLED BY OATH HOLDINGS,
INC. (FORMERLY YAHOO! INC.)

Case No. 18-m-6093-01-KGG

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Derek G. Velazco, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for

information associated with certain accounts that is stored at premises controlled by Oath

Holdings, Inc. (formerly Yahoo! Inc.[1]), an email provider headquartered at 701 First Avenue,

Sunnyvale, CA 94089.  The information to be searched is described in the following paragraphs

and in Attachment A.  This affidavit is made in support of an application for a search warrant

under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Oath Holdings, Inc. to

disclose to the government copies of the information (including the content of communications)

further described in Section I of Attachment B.  Upon receipt of the information described in

Section I of Attachment B, government-authorized persons will review that information to locate

the items described in Section II of Attachment B.

---

[1] As of March 2018, the FBI was notified that all legal services to Yahoo! Inc. would now need to be addressed to
Oath Holdings, Inc. due to a corporate realignment. The data held by Yahoo! remains consistent, but overall
corporate structure now falls under the Oath Holdings, Inc. moniker.

2.      I am a Special Agent with the Federal Bureau of Investigation, and have been since March 5, 2017. I am currently assigned to the Wichita, Kansas, Resident Agency of the Kansas City Division. Prior to becoming a Special Agent with the FBI, I worked approximately 10 years for the FBI in various administrative and analytical roles. The last five years of my career have focused primarily on investigation into violent crimes against children. As a Special Agent of the FBI, I am authorized to investigate violations of laws of the United States, and I am a law enforcement officer with authority to execute arrest, search, and seizure warrants under the authority of the United States. I have participated in a wide variety of counterterrorism and criminal investigations, to include white collar crimes, crimes against children, child exploitation and other violent and non-violent Federal crimes.

3.      This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2252 and 2252A (Sexual Exploitation of Minors) have been committed by Wayne Benjamin Wasson and others in communication with Wasson.  There is also probable cause to seize the accounts as instrumentalities of the these crimes, and to search the information described in Attachment A for evidence, contraband, and/or fruits of these crimes further described in Attachment B.

## JURISDICTION

5.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## **PROBABLE CAUSE**

6.      On January 9, 2018, in CyberTipline Report 26694785, Yahoo reported that one

of its users,"girlwanted lover," had uploaded child pornography to its servers:

   a. Img.8-1.jpg, on May 29, 2017 at 23:49:28 UTC, from IP address 68.103.8.177;
   b. Img.20-1.jpg, on May 29, 2017 at 23:30:32 UTC, from IP address 68.103.8.177;
   c. Img.17-1.jpg, on May 29, 2017 at 23:33:18 UTC, from IP address 68.103.8.177;
      and
   d. Img.1-1.jpg. on January 6, 2018 at 17:40:40 UTC, from IP address 68.103.8.177.

7.      As part of its report, Yahoo included the content of the four uploaded files, which

Yahoo advised it had reviewed. Affiant has reviewed these images, which depict:

   a. Image 8-1.jpg contains an image of a completely nude Caucasian female,
      estimated to be around 10-12 years of age based on the lack of pubescent
      development of the female's body. The female is looking at the camera in the
      image and her vagina is visible in the image.

   b. Image 20-1.jpg contains an image of clothed Caucasian female, estimated to be
      around 12-15 years of age based on the development of the female's body. The
      female has been posed with part of her shirt in her mouth, pulling down the front
      part of her pants to expose her pubic area, i.e., evoking sexual coyness or a
      willingness to engage in sexual activity.

   c. Image 17-1.jpg contains an in image of clothed Caucasian female, estimated to be
      around 12-15 years of age based on the development of the female's body. The
      female is wearing blue shorts and a blue top, reclined on her back with her legs
      spread and her inner thighs visible. The female's hand rests near her pubic area.

   d. Image 1-1.jpg contains an image of a nude prepubescent Caucasian female,
      estimated to be around 2-3 years of age, laying reclined, while the child's vagina
      is being touched by the adult male's penis.

8.      Yahoo's report also included the user's identifiers, which included an unverified

name of "girlwanted lover," a phone number of "620-603-3848," an email address of

**"girlwantedlover@yahoo.com" (TARGET EMAIL ACCOUNT).**

9.      In processing CyberTipline Report 26694785, NCMEC found the various

identifiers (including the name "girlwantedlover", IP address 68.103.8.117, and phone number

3

620-603-3848) also appeared in approximately 35 prior reports from four separate ISP providers (Yahoo, Skype, Google, and Chatstep), submitted between June 6, 2017 to January 9, 2018.

10.     A summons to Cox Communications for the subscriber information associated with the above IP address revealed the subscriber was Frances Wasson, 1311 Washington Street, Great Bend, KS. Frances Wasson is approximately 88 years old (born in 1929). Her 58 year old son, Wayne Benjamin Wasson, resides with her at 1311 Washington Street. Wayne Benjamin Wasson is a previously convicted child pornography offender.

11.     Agents obtained a search warrant (18-mj-06066-GEB, incorporated herein by reference), to seek and obtain a search warrant for the residence and person of Wayne Benjamin Wasson, at 1311 Washington Street, Great Bend, Kansas.

12.     On May 3, 2018, investigators executed those search warrants. At that time, Wasson was interviewed at his place of employment. During this interview, Wasson denied being involved with the trade of child pornography and indicated his previous conviction related to child exploitation was the result of an aggressive and inappropriate investigation.

13.     Following the non-custodial interview of Wasson on May 3, 2018, forensic examination of Wasson's phone and laptop computer revealed the presence of child pornography.

14.     Wasson later contacted Affiant via telephone to request the return of his phone. During that call, Affiant confronted Wasson about the child pornography found on his devices. Wasson agreed to a second non-custodial interview with investigators.

15.     On May 9, 2018, Affiant and Det. McLemore met with Wasson in a vehicle outside of his residence. During this interview, Wasson indicated he had an on and off again "interest" in child pornography and that all child pornography images located on devices from

4

the residence were his. Wasson was asked about the multiple usernames and email addresses (identified in the CyberTipline Reports) that were associated with him. Wasson indicated he remembered some of the usernames, but could not recall all of his email addresses he used.

16.     Affiant now seeks search warrants for some of the email accounts previously identified as associated with Wasson and his child pornography activities. These include the **"girlwantedlover@yahoo.com" (TARGET EMAIL ACCOUNT)**.

17.     Because Wasson has previously claimed responsibility for the child pornography activities occurring at that residence, these accounts appear to be instrumentalities of his child pornography activities, registered, created and operated for the purpose of trading child pornography with other individuals. For this reason, this affidavit and search warrant requests the account in its entirety.

## BACKGROUND CONCERNING EMAIL

18.     In my training and experience, I have learned that Oath Holdings, Inc. provides a variety of on-line services, including electronic mail ("email") access, to the public.  Oath Holdings, Inc. allows subscribers to obtain email accounts at the domain name **yahoo.com**, like the email accounts listed in Attachment A.  Subscribers obtain an account by registering with Oath Holdings, Inc. During the registration process, Oath Holdings, Inc. asks subscribers to provide basic personal information.  Therefore, the computers of Oath Holdings, Inc. are likely to contain stored electronic communications (including retrieved and unretrieved email for Oath Holdings, Inc. subscribers) and information concerning subscribers and their use of Oath Holdings, Inc. services, such as account access information, email transaction information, and account application information.  In my training and experience, such information may constitute

5

evidence of the crimes under investigation because the information can be used to identify the account's user or users.

19.     An Oath Holdings, Inc. subscriber can also store with the provider files in addition to emails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to emails), and other files, on servers maintained and/or owned by Oath Holdings, Inc.  In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, email in the account, and attachments to emails, including pictures and files.

20.     In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account.  Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.  Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

21.     In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems.  This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage

6

of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

22.     In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

23.     As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed

7

or used.  For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account, along with the time and date of that access.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner.  Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (*e.g.*, location information integrated into an image or video sent via email).  Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement).

24.     In general, an email that is sent to an Oath Holdings, Inc. subscriber is stored in the subscriber's "mail box" on Oath Holdings, Inc. servers until the subscriber deletes the email. If the subscriber does not delete the message, the message can remain on Oath Holdings, Inc. servers indefinitely. Even if the subscriber deletes the email, it may continue to be available on Oath Holdings, Inc.'s servers for a certain period of time.

## CONCLUSION

25.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on Oath Holdings, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

8

Respectfully submitted,

DEREK G. VELAZCO
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me on June 8 _____, 2018

Honorable Kenneth G. Gale
UNITED STATES MAGISTRATE JUDGE

9

## **ATTACHMENT A**

### **Property to Be Searched**

This warrant applies to information associated with:

GIRLWANTEDLOVER@YAHOO.COM;

that is stored at premises owned, maintained, controlled, or operated by Oath Holdings, Inc., a company headquartered at 701 First Avenue, Sunnyvale, CA 94089.

**ATTACHMENT B**

**Particular Things to be Seized**

**I.      Information to be disclosed by Oath Holdings, Inc. (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.      The contents of all emails associated with the account from the account's creation, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.      The types of service utilized;

d.      All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files; and

e.      All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

2

The Provider is hereby ordered to disclose the above information to the government within fourteen (14) days of service of this warrant.

**II.    Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A, those violations involving Wayne Benjamin Wasson and others, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a.   Evidence of child pornography possession, receipt, distribution, transportation, production, or solicitation, or evidence tending to show an interest in child pornography or the sexual exploitation of minors (persons under 18 years).

b.   Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

c.   Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

d.   The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

e.   The identity of the person(s) who communicated with the user ID about matters relating to child sexual exploitation or child pornography, including records that help reveal their whereabouts.

3